**Dahana SUTHERLAND,
Plaintiff–Appellant,**

v.

**NORFOLK SOUTHERN RAILWAY COMPANY and Norfolk Southern Corporation, Defendants–Appellees.**

No. 02–3321.

United States Court of Appeals,
Seventh Circuit.

Argued March 5, 2003.

Decided April 11, 2003.

Before MANION, DIANE P. WOOD, and EVANS, Circuit Judges.

## ORDER

Dahana Sutherland sued Norfolk Southern Railway Company and Norfolk Southern Corporation (collectively "Norfolk"), alleging that they violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* by refusing to promote her because she is female. The district court granted the defendants' motion for summary judgment, and we affirm.

Norfolk hired Sutherland in 1993 as a switchman in its Calumet Yard. Since then she has worked in various capacities in its Chicago Terminal. In 1995 Sutherland sought a promotion to the position of "yardmaster," and in 1996 she took a battery of well-known professionally developed aptitude tests to qualify for the promotion. Specifically, she took the SRA Verbal Test, the SRA Non–Verbal Test, and the Wesman Personnel Classification Test ("PCT"). Generally only the two SRA scores are used to evaluate yardmaster applicants; the PCT score is used to evaluate applicants for management positions. Sutherland passed the two SRA tests, and in September 1996 she became an Extra General Yardmaster.

In 1999 Sutherland inquired of the Chicago Terminal Superintendent, Burl Scott, about a possible promotion to the position of "trainmaster," a non-union management position. Scott told her to put her interest in writing, wished her luck, and told her that he would put in a good word for her. Sutherland gave Scott her resume and a letter expressing her interest in becoming a trainmaster. At that time Sutherland asked Scott if she would need to be tested for the promotion and he told her no. Scott then sent Sutherland's resume and letter to the Senior Superintendent of the Chicago Terminal along with his own memo recommending Sutherland for the promotion.

Norfolk requires union employees like Sutherland moving to non-union positions like trainmaster to score at least 24 on the PCT; a score below 24 disqualifies a candidate from consideration. Sutherland insists there are separate yardmaster and trainmaster tests. But she cites no evidence refuting Norfolk's sworn statements that the PCT used to determine eligibility for trainmaster positions is the same PCT Sutherland took as part of her testing to become a yardmaster. At that time, Sutherland scored 17 on the PCT, well below the cut-off score of 24. Under Norfolk's policy, candidates are not retested unless they have received additional relevant education. Sutherland had not received such education, thus she was not retested and not promoted. Between January 2000 and October 2000 seven male Norfolk employees moved from union positions to trainmaster positions in Chicago–all scored above 26 on the PCT.

In June 2000 Sutherland filed a discrimination charge against Norfolk with the Illinois Department of Human Rights and the EEOC; after receiving the obligatory right-to-sue letter, she timely filed her complaint in the district court. The district court concluded first that Sutherland had failed to establish a prima facie case of disparate treatment based on Norfolk's refusal to promote her because she had not demonstrated that she was qualified for the promotion or that similarly situated men were promoted. The court then assumed "for the sake of argument" that Sutherland had established a prima facie case, but determined that she had also failed to demonstrate that Norfolk's reason for denying her promotion–her low PCT score–was pretextual. Sutherland timely appealed and now argues that summary judgment for Norfolk was improper. She also argues that the district court erroneously denied her motion to strike Norfolk's supplemental affidavit.

We review a motion for summary judgment de novo. *Patt v. Family Health Sys., Inc.,* 280 F.3d 749, 752 (7th Cir. 2002). We construe all facts in the light most favorable to Sutherland and draw all reasonable and justifiable inferences in her favor, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), but to withstand summary judgment, Sutherland must provide evidence demonstrating a genuine issue of material fact for trial. Fed.R.Civ.P. 56(c); *Patt,* 280 F.3d at 752. In her attempt to prove that Norfolk discriminated against her, Sutherland relies on the indirect method of proving discrimination set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas,* a plaintiff may establish a prima facie case for failure to promote by demonstrating that (1) she is a member of a protected class, (2) she applied and is qualified for an open position, (3) she was rejected for the position despite her qualifications, and (4) the employer awarded the position to someone outside the protected class who was not better qualified than she. *See id.* at 802; *Grayson v. City of Chicago,* 317 F.3d 745, 748 (7th Cir.2003). If the plaintiff establishes a prima facie case, a rebuttable presumption of discrimination is created and the defendant must produce evidence of a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas,* 411 U.S. at 802. The plaintiff must then demonstrate by a preponderance of the evidence that the defendant's reason is pretextual. *Id.* at 802–03.

To provide a basis for reversing the district court, Sutherland must show on appeal that she established a prima facie case. But she has not demonstrated

either that she was qualified for the position or that similarly situated males were promoted in her place. She did not score high enough on the PCT to be qualified, and she has provided no evidence of a male yardmaster with a score below 24 who was promoted. In short, she has not established a prima facie case.[1] *See Jones v. Union Pac. R.R. Co.,* 302 F.3d 735, 741 (7th Cir.2002) (failure to establish any portion of prima facie case warrants summary judgment for the defendant).

■ That leaves Sutherland's contention that she was "severely prejudiced ... in presenting her case" because the district court denied her motion to strike a supplemental affidavit Norfolk submitted with its summary judgment reply brief. We review a district court's decision to deny a motion to strike a summary judgment affidavit for abuse of discretion. *See O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 986 (7th Cir.2001). But Sutherland does not argue that the district court abused its discretion. Nor does she explain, or can we see, how the supplemental affidavit prejudiced her. Thus, we see no basis to disturb the district court's decision.

AFFIRMED.

---

1. Even if we reached Sutherland's pretext argument, we would agree with the district court because Sutherland has failed to produce any evidence of a male with a score below 24 on the PCT who was either promoted or allowed to retest.